# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RUHI REIMER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEARVIEW ELECTRIC, INC. d/b/a CLEARVIEW ENERGY,<br><br>Defendant. | Case No. 3:22-cv-02844 |

## CLASS ACTION COMPLAINT

**NOW COMES** RUHI REIMER("Plaintiff"), by and through his undersigned counsel, and on behalf of all others similarly situated, complaining of CLEARVIEW ELECTRIC, INC. d/b/a CLEARVIEW ENERGY ("Defendant") and John Does 1-10 as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §59.1-510 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. The Court has supplemental jurisdiction over the VTPPA claim pursuant to §28 U.S.C. §1367(a).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this judicial district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant had a Virginia phone number and was physically present in Virginia at the time he received the solicitation calls at issue in this case.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) as he is an individual.

9. Defendant is a natural energy service provider that strives "to promote green initiatives to improve the environment now and for generations to come."[1]

10. Defendant maintains its corporate headquarters in Dallas, Texas.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39) as it is a corporation.

12. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf.

13. At all times relevant, Defendant had an agency relationship with John Does 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of John Does 1-10 (as the agents) and John Does 1-10 (as the agents) had the authority to act on behalf of

---

[1] https://www.clearviewenergy.com/about-us/who-we-are/

Defendant. Accordingly, Defendant, as the principal of John Does 1-10, is liable for the acts of its agents John Does 1-10.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3122.

15. At all times relevant, Plaintiff's number ending in 3122 was assigned to a cellular telephone service.

16. At no point in time did Plaintiff contract with Defendant or otherwise solicit Defendant's energy services.

17. At no point in time did Plaintiff provide Defendant with his cellular telephone number ending in 3122.

18. At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 3122.

19. At all times relevant, Plaintiff's cellular telephone number ending in 3122 was registered on the National Do-Not-Call Registry.

20. On February 8, 2022, at 5:13 p.m. EST, Defendant placed a solicitation call to Plaintiff's cellular phone number from the phone number (618) 690-1773.

21. Plaintiff did not answer Defendant's call as he did not recognize Defendant's number.

22. Shortly after missing the call, Plaintiff returned Defendant's call.

23. Upon the call connecting, Plaintiff was greeted by an automated menu which identified the called party as "Clearview Energy."

24. Upon realizing that Defendant's call was likely a solicitation call, Plaintiff terminated the call without speaking to a live representative.

25. On February 12, 2022, at 4:19 p.m. EST, Defendant placed another solicitation call to Plaintiff's cellular phone number from the phone number (872) 274-1957.

26. Upon answering Defendant's call and saying "hello" multiple times, Plaintiff was met with a lengthy period of dead air (approximately 15 seconds). Accordingly, Plaintiff terminated the call.

27. Shortly after terminating the dead-air call, Plaintiff placed a call to the number that Defendant called him from ((872) 274-1957) so he can determine who was attempting to contact him.

28. Upon the call connecting, Plaintiff was greeted by a representative by the name of "Jennifer."

29. During this call, Defendant's representative marketed Defendant's services to Plaintiff.

30. In response to Defendant's sales pitch, Plaintiff asked Defendant's representative why Defendant was calling him.

31. In response, Defendant's representative stated that Defendant is calling because Plaintiff or somebody in his household was looking for information regarding "price protecting" their electric bill.

32. In response, Plaintiff informed Defendant's representative that he did not request price protection of his electric bill.

33. Despite being on notice that Plaintiff did not request Defendant's services, Defendant's representative nonetheless pitched Defendant's price protection offer to Plaintiff.

34. Frustrated with the unsolicited sales pitch, Plaintiff terminated the call.

35. On February 14, 2022, at 10:11 a.m. EST, Defendant placed another solicitation call to Plaintiff's phone number from the number (618) 690-1773.

36. Upon answering Defendant's call and saying "hello" multiple times, Plaintiff was met with an extended period of dead air (approximately 15 seconds). Accordingly, Plaintiff terminated the call.

37. On February 16, 2022, at 10:24 a.m. EST, Defendant placed another solicitation call to Plaintiff's phone number from the number (815) 457-1180.

38. Plaintiff answered the call and was greeted by Defendant's representative "Andy."

39. During this call, Defendant's representative (1) advised Plaintiff that he was calling on behalf of "Clearview Electric" regarding an electric bill; (2) requested to speak to the person in charge of the electric bill; and (3) marketed Defendant's energy services to Plaintiff.

40. Frustrated with the representative's unsolicited sales pitch, Plaintiff requested that the representative identify the company he was calling on behalf of.

41. In response, the representative stated he was calling on behalf of "Clearview Energy."

42. Plaintiff then asked the representative for Defendant's address and website.

43. In response, Defendant stated that Defendant's website address is "www.clearviewenergy.com" and that Defendant's address is "901 W. Main Street Suite 4700, Dallas, Texas 75202."

44. Immediately after Defendant provided Plaintiff with the requested information, Plaintiff received another call.

45. Prior to terminating the call with Defendant to answer the new call, Plaintiff requested that Defendant cease its solicitation calls to Plaintiff.

46. On February 17, 2022, at approximately 12:32 p.m. EST, Defendant placed another solicitation call to Plaintiff's phone number from the number (312) 319-9202.

47. Plaintiff initially missed Defendant's call, but called Defendant back shortly thereafter.

48. Upon the call connecting, Plaintiff was greeted by "Andy" with "Clearview Energy."

49. Upon realizing that it was another solicitation call from Defendant, Plaintiff terminated the call.

50. On February 18, 2022, at approximately 11:21 a.m. EST, Defendant placed another solicitation call to Plaintiff's phone number from the number (872) 274-1957.

51. Upon answering Defendant's call and saying "hello" multiple times, Plaintiff was met with an extended period of dead air (approximately 15 seconds). Accordingly, Plaintiff terminated the call.

52. Not recognizing the number that called him, Plaintiff returned Defendant's call.

53. Upon the call connecting, Plaintiff was greeted by "Luis" with "Clearview Energy."

54. Frustrated with Defendant's recurring solicitation calls, Plaintiff again requested that Defendant cease its solicitation calls and terminated the call.

55. In all of the calls outlined herein, Defendant's representatives only provided their first names.

56. In all of Defendant's phone calls to Plaintiff, Defendant's name did not display on Plaintiff's caller ID while the phone was ringing.

57. On March 11, 2022, Plaintiff mailed a correspondence to Defendant that requested, *inter alia,* a copy of Defendant's Do-Not-Call Policy.

58. To date, Defendant has not provided Plaintiff with its Do-Not-Call Policy.

59. Upon information and belief, John Does 1-10 placed the solicitation calls outlined herein on behalf of and at the direction of Defendant. John Does 1-10 will be identified through the discovery process.

## DAMAGES

60. Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

61. Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

62. Frustrated and concerned with Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to vindicate his rights.

## CLASS ALLEGATIONS

63. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

64. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's services; (5) within the four years preceding the date of the original complaint through the date of class certification.

### Abandoned Call Class

All individuals in the United States (1) whom answered a solicitation call from Defendant; (2) within the four years preceding the date of the original complaint through the date of class certification; (3) in which Defendant failed to provide a prerecorded identification and opt-out message and an automated, interactive voice and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request; (4) within two (2) seconds of the individual completing their greeting after answering Defendant's call(s).

65. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.   Numerosity

66. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

67. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

68. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

69. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

**B.     Commonality and Predominance**

70. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

71. Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.     Typicality**

72. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful marketing practices.

**D.     Superiority and Manageability**

73. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

74. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

75. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

76. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

### E.	Adequate Representation

77.	Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

78.	Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

79.	Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

### COUNT I:

**Violations of the Telephone Consumer Protection Act**
**(On behalf of Plaintiff and the Members of Do-Not-Call Registry Class)**

80.	All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

81.	Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

82.	Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed no less than six (6) solicitation calls to Plaintiff's cellular phone number while it was registered on the National Do Not Call Registry.

83.	As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

84. Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the Registry is publicly available and easily accessible.

85. Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

86. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

87. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A. an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. a judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. a judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G. any further relief this Court deems just and proper.

## COUNT II

### Violations of the Telephone Consumer Protection Act
### (On behalf of Plaintiff and the Members of the Abandoned Call Class)

88. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

89. Pursuant to the TCPA, a call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting. 47 CFR 64.1200(a)(7).

90. Pursuant to 47 CFR 64.1200(a)(7)(i), whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer must provide: (1) a prerecorded identification and opt-out message; and (2) an automated, interactive voice and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request. 47 CFR 64.1200(a)(7)(i).

91. Defendant violated 47 CFR 64.1200(a)(7)(i) by failing to provide Plaintiff with a prerecorded identification message and an automated, interactive voice and/or key press-activated identification and opt-out message within 2 seconds of Plaintiff answering Defendant's February 12, 2022, February 14, 2022, and February 18, 2022 calls and completing his greeting (abandoned calls).

92. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Abandoned Call Class, requests the following relief:

A. an order granting certification of the Abandoned Call Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. a judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. a judgment in favor of the Abandoned Calls Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Abandoned Call Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Abandoned Call Class for each violating call; and

G. any further relief this Court deems just and proper.

### COUNT III:
### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually)

93. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

94. Pursuant to 47 CFR 64.1200(e)(2)(i), Defendant is required to have a written policy, available upon demand, for maintaining a do-not-call policy. 47 C.F.R. 64.1200(e)(2)(i).

95. Defendant violated 47 CFR 64.1200(e)(2)(i) by failing to deliver its written Do-Not-Call policy to Plaintiff despite Plaintiff's written request.

**WHEREORE**, Plaintiff requests the following relief:

A.     A judgment in Plaintiff's favor for Defendant's violations of the TCPA;

B.     An award of $1,500.00 for each willful violation of the TCPA; and

C.     Any further relief this Court deems just and proper.

## COUNT IV

### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually)

96.     All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

97.     The TCPA prohibits telemarketers from initiating any call for telemarketing purposes unless the telemarketer has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of the telemarketer. 47 CFR §64.1200(d).

98.     Defendant violated 47 CFR §64.1200(d) by failing to institute procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of the telemarketer.

99.     As set forth above, Defendant continued placing solicitation calls to Plaintiff after Plaintiff requested that the calls cease during the February 18, 2022 call.

100.    Defendant's failure to cease its calls after Plaintiff requested that the calls cease demonstrates its failure to implement the procedures required by 47 CFR §64.1200(d).

**WHEREORE**, Plaintiff requests the following relief:

A.     A judgment in Plaintiff's favor for Defendant's violations of the TCPA;

B.     An award of $1,500.00 for each willful violation of the TCPA; and

C.     Any further relief this Court deems just and proper.

## COUNT V:

### Violations of the Virginia Telephone Privacy Protection Act
### (Plaintiff Individually)

101. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    a.    **Violations of §59.1-512 of the VTPPA**

102. Pursuant to §59.1-512 of the VTPPA, "a telephone solicitor who makes a telephone solicitation shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person." Va. Code §59.1-512.

103. Defendant violated §59.1-512 of the VTPPA by failing to provide its representatives' first and last names during phone calls with Plaintiff.

104. As set forth above, Defendant's representatives only disclosed their first names to Plaintiff during phone calls that Plaintiff answered.

    b.    **Violations of §59.1-514 (B) of the VTPPA**

105. Pursuant to §59.1-514(B) of the VTPPA, "no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry…" Va. Code §59.1-514(B).

106. Defendant violated §59.1-514(B) of the VTPPA by placing no less than six (6) calls to Plaintiff's cellular phone number while Plaintiff's cellular phone number was registered on the National Do-Not-Call Registry.

    c.    **Violations of §59.1-513 of the VTPPA**

15

107. §59.1-513 of the VTPPA provides that "[a] telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor." Va. Code §59.1-513.

108. Upon information and belief, Defendant's telephone carrier enables Defendant to elect whether to display Defendant's name on the called party's Caller ID in the solicitation calls that Defendant places.

109. Defendant violated §59.1-513 of the VTPPA by failing to display its name on Plaintiff's Caller ID in the calls it placed to Plaintiff's cellular phone number.

110. As set forth above, in all the calls placed by Defendant to Plaintiff's cellular phone number, Defendant's name did not display on Plaintiff's Caller ID.

    **d.**    **Violations of §59.1-513.1 of the VTPPA**

111. §59.1-513 of the VTPPA provides that "[w]henever a live sales representative is not available to speak with the person answering a telephone solicitation call within two seconds of the person's completed greeting, the telephone solicitor shall play a prerecorded identification message that states the name and telephone number of the person on whose behalf the telephone solicitation call was being made. The number so provided shall permit, during regular business hours, any individual to make a request not to receive telephone solicitation call." Va. Code §59.1-513.1.

112. Defendant violated §59.1-513.1 of the VTPPA by failing to play a prerecorded identification message that stated Defendant's name and telephone number within 2 seconds of Plaintiff answering Defendant's February 12, 2022, February 14, 2022, and February 18, 2022 calls and completing his greeting (abandoned calls).

**WHEREORE,** Plaintiff requests the following relief:

A. A judgment in favor of Plaintiff for Defendant's violations of the VTPPA;

B. An award of statutory damages in the amount of no less than $500.00 for Defendant's first violation of the VTPPA;

C. An award of statutory damages in the amount of no less than $1,000.00 for Defendant's second violation of the VTPPA;

D. An award of statutory damages in the amount of $5,000.00 for each violation subsequent to Defendant's second violation of the VTPPA;

E. An order enjoining Defendant from placing further calls to Plaintiff;

F. An award of Plaintiff's attorney's fees and costs; and

G. Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 20, 2022  Respectfully submitted,

**RUHI REIMER**

By: *Mohammed O. Badwan*

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*