UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| *RUHI REIMER, individually and on behalf of others similarly situated,*<br><br>　　　　　　　　　　**Plaintiffs,**<br><br>**v.**<br><br>*CLEARVIEW ELECTRIC, INC. d/b/a CLEARVIEW ENERGY,*<br><br>　　　　　　　　　　**Defendant.** | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 3:22-cv-02844<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT CLEARVIEW, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Clearview Electric, Inc. d/b/a Clearview Energy ("Clearview" or "Defendant") files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows.

**NATURE OF THE ACTION**

1. Paragraph 1 merely describes the statutes under which Plaintiff purports to bring his claims and thus no response is required. To the extent a response is required, Clearview denies that it violated either the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, or the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §59.1-510 *et seq.*

2. Paragraph 2 cites to certain caselaw and thus no response is required. To the extent a response is required, Clearview denies that it violated the TCPA.

3. Paragraph 3 cites to certain caselaw and thus no response is required. To the extent a response is required, Clearview denies that it violated the TCPA.

**JURISDICTION AND VENUE**

4. Clearview admits that the TCPA is a federal statute and that this Court has

jurisdiction.

5. Clearview admits that this Court has supplemental jurisdiction over Plaintiff's alleged VTPPA claim, but Clearview denies that it violated the VTPPA and states that it does not do business in Virginia.

6. Clearview admits that venue is proper in this district.

## PARTIES

7. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and, accordingly, the allegations are denied.

8. Clearview admits the allegation of Paragraph 8.

9. Clearview admits that it is an electricity and natural gas supplier, and that Paragraph 9 accurately quotes from Clearview's website.

10. Clearview admits the allegation of Paragraph 10.

11. Clearview admits the allegation of Paragraph 11.

12. Clearview admits that it, from time to time, enters into written contracts with certain entities under which such entities provide telemarketing services to Clearview subject to requirements that such services comply with all applicable state and federal laws. The allegations of Paragraph 12 are otherwise denied.

13. Clearview admits that it, from time to time, enters into written contracts with certain entities under which such entities provide telemarketing services to Clearview subject to requirements that such services comply with all applicable state and federal laws. The allegations of Paragraph 13 are otherwise denied.

## FACTUAL ALLEGATIONS

14. Clearview lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 14 and, accordingly, the allegations are denied.

15.     Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and, accordingly, the allegations are denied.

16.     Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies such allegations, except that Clearview believes that a person representing that he was the owner of the telephone number at issue (the 3122 number) consented to calls to that number for purposes of enquiring about services offered by Clearview.

17.     Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies such allegations, except that Clearview believes that a person representing that he was the owner of the 3122 number consented to calls to that number for purposes of enquiring about services offered by Clearview.

18.     Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies such allegations, except that Clearview believes that a person representing that he was the owner of the 3122 number consented to calls to that number for purposes of enquiring about services offered by Clearview.

19.     Clearview admits that at the time of the telephone calls alleged in this Complaint, the 3122 number was on the National Do-Not-Call Registry.

20.     Clearview denies that it called Plaintiff as stated in Paragraph 20 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the prior consent that had been given for telephone calls to that telephone number.

21.     Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and, accordingly, the allegations are denied.

22. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and, accordingly, the allegations are denied.

23. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and, accordingly, the allegations are denied.

24. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, accordingly, the allegations are denied.

25. Clearview denies that it called Plaintiff as stated in Paragraph 25 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the prior consent that had been given for telephone calls to that telephone number.

26. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, accordingly, the allegations are denied.

27. Clearview admits that a telephone marketing vendor that it hired received an incoming telephone call from the 3122 number. Clearview lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and, accordingly, the allegations are denied.

28. Clearview admits that a telephone marketing vendor that it hired received an incoming telephone call from the 3122 number and that a representative named "Jennifer" answered the call.

29. Clearview admits that the vendor representative named Jennifer talked with Plaintiff and advised Plaintiff that he or someone with the 3122 number had inquired as to Clearview's services and left the 3122 number to call.

30. Clearview admits that Plaintiff asked the vendor representative named Jennifer why he was called, and Plaintiff was advised that he or someone with the 3122 number had inquired as

to Clearview's services and left the 3122 number to call.

31. Clearview admits that the vendor representative informed Plaintiff that he or someone with the 3122 number had inquired as to Clearview's services and left the 3122 number to call.

32. Clearview admits that Plaintiff denied requesting information concerning Clearview's services.

33. Clearview admits that Plaintiff stated "Yeah, I did not request that, thank you," and hung up the call. Clearview denies the remaining allegations in Paragraph 33.

34. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, accordingly, the allegations are denied.

35. Clearview denies that it called Plaintiff as stated in Paragraph 35 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the prior consent that had been given for telephone calls to that telephone number.

36. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and, accordingly, the allegations are denied.

37. Clearview denies that it called Plaintiff as stated in Paragraph 37 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the prior consent that had been given for telephone calls to that telephone number.

38. Clearview admits that the call was answered and that the representative of the telemarketing service identified himself as "Andy."

39. Clearview admits that the vendor representative named Andy talked with Plaintiff, advised Plaintiff that he was calling on behalf of Clearview, asked for the person in charge of the electric bill and discussed price protection. Clearview lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations in Paragraph 39 and, accordingly, the allegations are denied.

40. Clearview admits that Plaintiff requested that the vendor representative identify the company on whose behalf he was calling. Clearview lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 and, accordingly, the allegations are denied.

41. Clearview admits that the vendor representative stated that he was calling on behalf of Clearview.

42. Clearview admits that the vendor representative was asked for Clearview's address and website address.

43. Clearview admits that the vendor representative provided Clearview's website address and mailing address.

44. Clearview denies the allegations in Paragraph 44.

45. Clearview admits that the person with whom the vendor representative talked stated at the end "no more phone call" with no further explanation, no request to be put on a do not call list and that the person ended the call while the vendor representative was trying to respond. Clearview lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 and, accordingly, the allegations are denied.

46. Clearview denies that it called Plaintiff as stated in Paragraph 46 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the prior consent that had been given for telephone calls to that telephone number.

47. Clearview denies that it called Plaintiff as stated in Paragraph 47 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the

prior consent that had been given for telephone calls to that telephone number.

48. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and, accordingly, the allegations are denied.

49. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and, accordingly, the allegations are denied.

50. Clearview denies that it called Plaintiff as stated in Paragraph 50 but believes that an entity with whom it contracted for telemarketing services called the 3122 number based on the prior consent that had been given for telephone calls to that telephone number.

51. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and, accordingly, the allegations are denied.

52. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and, accordingly, the allegations are denied.

53. Clearview admits that the vendor representative that answered a telephone call from the 3122 number on February 18, 2022 identified himself as "Luis Rodriguez."

54. Clearview admits that the person with whom the vendor representative talked stated that he wished to not be called. Clearview lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 and, accordingly, the allegations are denied.

55. Clearview denies the allegations in Paragraph 55.

56. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and, accordingly, the allegations are denied.

57. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and, accordingly, the allegations are denied.

58. Clearview admits that it has not provided Plaintiff with its Do-Not-Call Policy because no request to Clearview for such policy has been received from Plaintiff.

59. Clearview admits that it retained a telemarketing vendor who placed one or more calls to Plaintiff at the 3122 number based on the prior consent that had been given for telephone calls to that telephone number. The allegations of Paragraph 59 are otherwise denied.

## DAMAGES

60. Clearview denies the allegations of Paragraph 60.

61. Clearview denies the allegations of Paragraph 61.

62. Clearview denies the allegations of Paragraph 62.

## CLASS ALLEGATIONS

63. Clearview expressly adopts and incorporates all responses to preceding Paragraphs of the Complaint as though fully set forth herein.

64. Paragraph 64 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

65. Paragraph 65 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

### A. Numerosity

66. Paragraph 66 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

67. Clearview denies the allegations in Paragraph 67.

68. Clearview denies the allegations in Paragraph 68.

69. Clearview denies the allegations in Paragraph 69.

**B.    Commonality and Predominance**

70. Clearview denies the allegations in Paragraph 70.

71. Clearview denies the allegations in Paragraph 71.

**C.    Typically**

72. Clearview denies the allegations in Paragraph 72.

**D.    Superiority and Manageability**

73. Clearview denies the allegations in Paragraph 73.

74. Clearview denies the allegations in Paragraph 74.

75. Clearview denies the allegations in Paragraph 75.

76. Clearview denies the allegations in Paragraph 76.

**E.    Adequate Representation**

77. Clearview denies the allegations in Paragraph 77.

78. Clearview denies the allegations in Paragraph 78.

79. Clearview denies the allegations in Paragraph 79.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violations of the Telephone Consumer Protection Act**
**(On behalf of Plaintiff and the Members of Do-Not-Call Registry Class)**

80. Clearview expressly adopts and incorporates all responses to preceding Paragraphs of the Complaint as though fully set forth herein.

81. Paragraph 81 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this

paragraph are denied.

82. The allegations in Paragraph 82 are denied.

83. Clearview lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and, accordingly, the allegations are denied. Responding further, Clearview believes that a person representing that he was the owner of the telephone number at issue (the 3122 number) consented to calls to that number for purposes of enquiring about services offered by Clearview.

84. The allegations in Paragraph 84 are denied.

85. The allegations in Paragraph 85 are denied.

86. The allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 are denied.

WHEREFORE, Defendant Clearview prays that this Honorable Court dismiss Plaintiff's lawsuit, or enter judgment that Plaintiff takes nothing by reason of this lawsuit, and grant such other and further relief, both general and special, at law and in equity, to which Clearview may show it is justly entitled.

## COUNT II

### Violations of the Telephone Consumer Protection Act
### (On behalf of Plaintiff and the Members of the Abandoned Call Class)

88. Clearview expressly adopts and incorporates all responses to preceding Paragraphs of the Complaint as though fully set forth herein.

89. Paragraph 89 contains Plaintiff's summary of 47 CFR 64.1200(a)(7) which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

90. Paragraph 90 contains Plaintiff's summary of 47 CFR 64.1200(a)(7)(i) which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

91. The allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 are denied.

WHEREFORE, Defendant Clearview prays that this Honorable Court dismiss Plaintiff's lawsuit, or enter judgment that Plaintiff takes nothing by reason of this lawsuit, and grant such other and further relief, both general and special, at law and in equity, to which Clearview may show it is justly entitled.

## COUNT III

### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually)

93. Clearview expressly adopts and incorporates all responses to preceding Paragraphs of the Complaint as though fully set forth herein.

94. Paragraph 94 contains Plaintiff's summary of 47 CFR 64.1200(e)(2)(i) which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

95. The allegations in Paragraph 95 are denied.

WHEREFORE, Defendant Clearview prays that this Honorable Court dismiss Plaintiff's lawsuit, or enter judgment that Plaintiff takes nothing by reason of this lawsuit, and grant such other and further relief, both general and special, at law and in equity, to which Clearview may show it is justly entitled.

## COUNT IV

**Violations of the Telephone Consumer Protection Act**
**(Plaintiff Individually)**

96. Clearview expressly adopts and incorporates all responses to preceding Paragraphs of the Complaint as though fully set forth herein.

97. Paragraph 97 contains Plaintiff's summary of 47 CFR 64.1200(d) which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

98. The allegations in Paragraph 98 are denied.

99. The allegations in Paragraph 99 are denied.

100. The allegations in Paragraph 100 are denied.

WHEREFORE, Defendant Clearview prays that this Honorable Court dismiss Plaintiff's lawsuit, or enter judgment that Plaintiff takes nothing by reason of this lawsuit, and grant such other and further relief, both general and special, at law and in equity, to which Clearview may show it is justly entitled.

## COUNT V

**Violations of the Virginia Telephone Privacy Protection Act**
**(Plaintiff Individually)**

101. Clearview expressly adopts and incorporates all responses to preceding Paragraphs of the Complaint as though fully set forth herein.

    a.    **Violations of §59.1-512 of the VTPPA**

102. Paragraph 102 contains Plaintiff's summary of Va. Code §59.1-512 which is a written regulation that speaks for itself and to which no response is required. To the extent any

response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

103. The allegations in Paragraph 103 are denied.

104. The allegations in Paragraph 104 are denied.

**b. Violations of §59.1-514 (B) of the VTPPA**

105. Paragraph 105 contains Plaintiff's summary of Va. Code §59.1-514(B) which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

106. The allegations in Paragraph 106 are denied.

**c. Violations of §59.1-513 of the VTPPA**

107. Paragraph 107 contains Plaintiff's summary of Va. Code §59.1-513 which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the extent they are incomplete or inconsistent with said regulation.

108. The allegations in Paragraph 108 are denied as Clearview does not make telemarketing calls.

109. The allegations in Paragraph 109 are denied.

110. The allegations in Paragraph 110 are denied.

**d. Violations of §59.1-513.1 of the VTPPA**

111. Paragraph 111 contains Plaintiff's summary of Va. Code §59.1-513.1 which is a written regulation that speaks for itself and to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied to the

extent they are incomplete or inconsistent with said regulation.

112.   The allegations in Paragraph 112 are denied as Clearview does not make telemarketing calls.

WHEREFORE, Defendant Clearview prays that this Honorable Court dismiss Plaintiff's lawsuit, or enter judgment that Plaintiff takes nothing by reason of this lawsuit, and grant such other and further relief, both general and special, at law and in equity, to which Clearview may show it is justly entitled.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim for which Plaintiff is entitled to relief.

### Second Defense

Clearview is not liable to Plaintiff, in whole or in part, because Clearview did not call Plaintiff as required under the Telephone Consumer Protection Act and the Virginia Telephone Privacy Protection Act.

### Third Defense

Clearview is not liable to Plaintiff because any calls that Plaintiff allegedly received were not "solicitations," "advertisements," or "telemarketing" by Clearview.

### Fourth Defense

Clearview is not liable to Plaintiff, in whole or in part, because Clearview has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed in the Telephone Consumer Protection Act.

### Fifth Defense

To the extent there is no private right of action under the provisions of the Telephone Consumer Protection Act or Virginia Telephone Privacy Protection Act, Clearview is not liable to Plaintiff.

**Sixth Defense**

Clearview is not vicariously liable to Plaintiff's for the acts, omissions or conduct of telemarketing vendors that may have violated the Telephone Consumer Protection Act or Virginia Telephone Privacy Protection Act.

**Seventh Defense**

Plaintiff may not recover under Count II of the Complaint because, even if Plaintiff were able to establish the claim alleged in Count II, the 3% safe harbor for abandoned calls has been met.

**Eighth Defense**

Plaintiff lacks standing under Article III of the United States Constitution. Plaintiff cannot show a concrete or particularized injury in fact or any connection between any alleged injury and the conduct complained of in the Complaint.

**Ninth Defense**

To the extent Plaintiff suffered any concrete or particularized injury in fact or damages as alleged in the Complaint, which Clearview denies, such injury or damages resulted from Plaintiff's contributory negligence and his own acts.

**Tenth Defense**

To the extent Plaintiff suffered any concrete or particularized injury in fact or damages as alleged in the Complaint, which Clearview denies, such injury or damages were the direct and

proximate result of acts or omissions of persons other than Clearview.

### Eleventh Defense

Plaintiff's claim is barred to the extent that he was not charged for the alleged telephone call at issue in this matter.

### Twelfth Defense

Plaintiff's claim is barred, in whole or in part, because any award to Plaintiff would constitute unjust enrichment.

### Thirteenth Defense

Plaintiff is precluded from recovering from Clearview for a willful and knowing violation of the Telephone Consumer Protection Act or the Virginia Telephone Privacy Protection Act because any such violation, which Clearview continues to deny, would not have been willful and knowing.

### Fourteenth Defense

Plaintiff failed to mitigate his damages.

### Fifteenth Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### Sixteenth Defense

This action cannot be maintained as a class action because the named Plaintiff and the Putative Class cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

### Seventeenth Defense

This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate Clearview's due process rights, including Clearview's right to present defenses on an individual level.

**Eighteenth Defense**

This action cannot be maintained as a class action because Plaintiff seeks to certify a Putative Class that consists of members who lack Article III standing and have not suffered any concrete or particularized injury as a result of any act or omission by Clearview.

**Nineteenth Defense**

The purported members of the alleged class seeking to assert a claim are not so numerous that joinder of all such members is impracticable, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

**Twentieth Defense**

Questions of law or fact common to any alleged members of a class do not predominate over such questions affecting individual members of the purported class, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

**Twentieth Defense**

Claims of the individual Plaintiff are not typical of the claims of the purported class, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

**Twenty-First Defense**

The alleged representative Plaintiff will not adequately protect the interests of the purported class, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

**Twenty-Second Defense**

A class action is not superior to other available methods for the fair and efficient

adjudication of this controversy, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

**Twenty-Third Defense**

Differences in the diverse circumstances and conditions which each prospective Plaintiff experienced as a result of any alleged act or omission of the Defendant and the nature and extent of any losses each may or may not have sustained are so divergent that extreme difficulties will be encountered in the management of a class action. Accordingly, this action should not proceed as a class action pursuant to Federal Rule of Civil Procedure 23.

February 13, 2023                                   Respectfully submitted,

By: /s/ *Jeremy C. Reed*

Jeremy C. Reed, Esq.
General Counsel
Clearview Energy
901 Main Street, 47th Floor
Dallas, TX 75202
jreed@clearviewenergy.com
*Attorney for Clearview Electric, Inc.*

Fred L. Alvarez
Arthur J. McColgan
Matthew W. Casey
Walker Wilcox Matousek LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606
falvarez@walkerwilcox.com
amccolgan@walkerwilcox.com
mcasey@walkerwilcox.com
*Attorneys for Clearview Electric, Inc.*
*Pro Hoc Vice to be Filed*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the 13th day of February, 2023, a true and correct copy of the foregoing was filed electronically and served by operation of the Court's electronic filing system and by e-mail to counsel of record.

      /s/ *Jeremy C. Reed*