UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUHI REIMER, individually and on behalf of all other similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CLEARVIEW ELECTRIC, INC. d/b/a CLEARVIEW ENERGY,<br><br>     Defendant. | Civil Action No. 3:22-cv-02844-N |

## JOINT 26(f) STATUS REPORT

Pursuant to the Court's February 14, 2023 Order [Dkt. 12], the Parties submit the following Joint Rule 26(f) Report:

**1.** The Parties held a telephonic Rule 26(f) conference on February 23, 2023.

   **a**.  **Brief Statement of the Nature of the Case:**

   **Plaintiff's Statement**

   Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §59.1-510 *et seq.* by placing marketing calls to Plaintiff's cellular phone without his consent and while his phone number was on the National Do Not Call Registry. Plaintiff also asserts class claims and seeks to certify two classes:

   **Do-Not-Call Registry Class**

   All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-

1

Not-Call Registry; (4) in which the purpose of the call was to market Defendant's services; (5) within the four years preceding the date of the original complaint through the date of class certification.

### Abandoned Call Class

All individuals in the United States (1) whom answered a solicitation call from Defendant; (2) within the four years preceding the date of the original complaint through the date of class certification; (3) in which Defendant failed to provide a prerecorded identification and opt-out message and an automated, interactive voice and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request; (4) within two (2) seconds of the individual completing their greeting after answering Defendant's call(s).

**Defendant's Statement**

Defendant Clearview's position is that it has no liability here. Clearview does not engage in telemarketing and made no telephone calls to Plaintiff. Clearview does engage vendors who provide telemarketing services. Clearview requires its vendors to scrub "Call Lists" against any and all suppression lists or "Do Not Call" registries as required by law and on the frequency required by law. Clearview further requires its telemarketing vendors to comply with all applicable federal, state, and local laws, rules, and regulations related to the vendor's operations. Clearview vendors are independent contractors whose services can be terminated by Clearview for violating any applicable federal or state law governing the services at issue. As such, Clearview does not have or exercise any control or supervision over the services performed by the vendor, except as required by law.

Defendant advised Plaintiff's counsel that Defendant believes that bifurcated discovery in this matter would be the most efficient manner to proceed, with discovery on the Named Plaintiff's claim proceeding first, then dispositive motion practice, followed by class discovery should Plaintiff's claims survive. In

particular, there are issues concerning whether Plaintiff provided consent to the alleged telephone calls at issue.  Defendant seeks discovery to establish that it did not call the Named Plaintiff and concerning the circumstances of the consent provided to call Plaintiff's telephone number.  Defendant also understands that Plaintiff, who is a serial filer of TCPA litigation, has filed other actions with similar fact pattens, where Plaintiff's telephone number was provided with consent to call and Plaintiff later denied such consent and filed suit.  Discovery into the Named Plaintiff's consent is warranted given these facts.  Such discovery, and other discovery related to the Named Plaintiff's claims, does not substantially overlap with class-related discovery and should proceed first.  As such, Defendant will be filing a Motion to Bifurcate discovery and asks the Court to allow until March 28, 2023, for such a motion to be filed.  Defendant is not asking the Court to extent the deadlines in the Court's default scheduling order but only to limit discovery to the Named Plaintiff's individual claim.

  **b.**    **Status of Settlement Discussions:** Plaintiff made a demand to Defendant on March 6, 2023.

  **c.**    **Possible Joinder of Parties:** Plaintiff intends on amending his complaint to add any third parties that placed the calls at issue on Defendant's behalf.  Defendant advised Plaintiff's counsel that the vendor for the alleged calls to Plaintiff was AGR Group.

  **d.**    **Anticipated Challenges to Jurisdiction or Venue**: None.

  **e.**    **Trial and Estimated Length of Trial:** The Parties anticipate that they will be ready for trial by May 2024.

  **f.**  **Desirability of ADR and Timing of ADR:** The Parties are interested in completing ADR after they complete written discovery. Defendant believes ADR on the Named Plaintiff's claim should take place first. Defendant believes that class certification discovery will be unnecessary and wasteful.

  **g.**  **Objection to Rule 26(a)(1) Disclosures:** None. The Parties have agreed to exchange their Rule 26(a)(1) disclosures by March 28, 2023.

Date: March 14, 2023        Respectfully submitted,

*/s/ Mohammed O. Badwan*     */s/ Fred L. Alvarez*

Mohammed O. Badwan      Fred L. Alvarez
SULAIMAN LAW GROUP, LTD.    Walker Wilcox Matousek LLP
2500 South Highland Avenue, Suite 200  One North Franklin Street, Suite 3200
Lombard, Illinois 60148       Chicago, IL 60606
(630) 575-8181          falvarez@walkerwilcox.com
mbadwan@sulaimanlaw.com     *Counsel for Defendant*
*Counsel for Plaintiff*