UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| *RUHI REIMER, individually and on behalf of others similarly situated,* § § § | |
| **Plaintiffs,** § | |
| § | CIVIL ACTION NO. 33:22-cv-02844 |
| v. § § | |
| *CLEARVIEW ELECTRIC, INC. d/b/a CLEARVIEW ENERGY,* § § § | |
| **Defendant.** § § | |

### DEFENDANT CLEARVIEW ELECTRIC, INC.'S
### MOTION TO BIFURCATE DISCOVERY

Defendant, Clearview Electric, Inc. d/b/a Clearview Energy ("Clearview"), moves to bifurcate discovery in this putative class action so that the parties can first address the merits of Plaintiff's, Ruhi Reimer ("Reimer"), individual claim before conducting burdensome, expensive, and likely unnecessary class discovery.

### Introduction

Bifurcating discovery and limiting initial discovery to matters related to Reimer's individual claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the duplicative Virginia state law claim, will be expedient and economical because it will help determine whether Reimer is indeed a proper class representative before broader discovery is undertaken. Reimer's causes of action depend on whether he consented to receive the phone calls at issue here. Clearview seeks discovery on this issue before engaging in expensive class-wide discovery.

Reimer is a serial TCPA litigant and has filed other actions with fact patterns similar to the

one here, namely that Reimer's phone number appears to have been provided with consent to call but Reimer later denied he consented and then filed suit. Discovery directed towards Reimer's consent and other related issues does not substantially overlap with class-related discovery and should proceed first. If Reimer does not have an individual claim, then he cannot represent the class, nor should he be allowed to impose the burden of class discovery on Clearview. By allowing discovery on Reimer's individual claims first, the parties can quickly and inexpensively address the merits of Reimer's claim such that it would also potentially moot class-wide discovery. Thus, Clearview requests that the Court exercise its discretion to bifurcate discovery so that this case may proceed promptly and efficiently.

**Facts**

Reimer has filed at least 12 other TCPA lawsuits over the last three years. Here, Reimer alleges that he registered his telephone number on the National Do-Not-Call Registry at some unknown date. [Doc. 1, ¶ 19.] According to Reimer, on February 8, 2022, he received a phone call from a 618-area code number that he did not answer [*Id.* at ¶¶ 20-21.] Reimer returned the call the same day but ended it when he was greeted by an automated answer identifying itself as Clearview Energy. [*Id.* at ¶ 22-24.] Reimer alleges that he received six more phone calls from Clearview Energy over a seven-day period. [*Id.* at ¶¶ 25, 35, 37, 44, 46, 50.] Reimer returned three of those calls. [*Id.* at ¶¶ 27, 47, 52.]

Clearview does not engage in telemarketing, and it made no telephone calls to Reimer. [Doc. 11, ¶ 20.] Clearview does use telemarketing vendors but requires all its vendors to scrub their call lists against all suppression lists and "Do Not Call" registries as frequently as the law requires. [*Id.* at ¶ 12.] Clearview also requires its vendors to comply with applicable federal, state, and local laws, rules, and regulations related to the vendor's operations. [*Id.*] Clearview believes

that a person representing that he was the owner of the telephone number Reimer claims is his consented to receive calls to that number for information about Clearview's services. [*Id.* at ¶ 17.]

## Argument

Bifurcating discovery and proceeding on Reimer's individual claim first will quickly and efficiently determine whether Reimer consented to the calls at issue. A court may limit the manner of discovery and set the timing and sequence of discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) and (d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). The court has broad discretion to manage its docket and the lawsuits pending before it, including controlling the sequencing and timing of discovery. *Prudhomme v. Tenneco Oil Co.*, 955 F.3d 390, 392 (5th Cir. 1992); *see also Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982); *E.E.O.C. v. Lawler Foods, Inc.*, 128 F. Supp. 3d 972, 974 (S.D. Tex. 2015).

Controlling the scope of discovery is particularly appropriate when discovery will impose considerable expense and the claims may be resolved on issues that require only limited discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). When one issue can determine a case, the court may stay discovery on other issues until it decides the critical issue. *Id.; see also Petrus v. Bowen*, 855 F.2d 581, 583 (5th Cir. 1987) (district court has inherent power to stay discovery until preliminary questions that may dispose of case are determined).

The resolution of these issues will necessarily inform and perhaps moot the analysis of many class certification issues, including those regarding the commonality of the plaintiff's injuries, the typicality of his claims, and the predominance of common questions of law or fact. *See The Authors Guild, Inc. v. Google, Inc.*, 721 F.3d 132, 134 (2d Cir. 2013) (vacating district court's grant of premature class certification and remanding for adjudication of defenses to

plaintiff's individual claim).

Here, Reimer has a questionable individual claim that must first be probed before the parties proceed to expensive and burdensome class discovery, including whether Reimer consented to the calls and whether Reimer is within the class he purports to represent. If Reimer consented to the calls, then his claim fails, and he cannot represent the class. By bifurcating discovery and addressing the named Plaintiff's claims first, the case could close swiftly, and the parties could avoid the considerable expense of class discovery.

In other TPCA cases, courts have bifurcated fact discovery from class discovery to address the merits of a plaintiff's individual claim before requiring the parties to engage in potentially unnecessary class discovery. *See e.g. Osidi v. Assurance IQ, LLC*, 2022 WL 623733 (D. Mass. Mar. 3, 2022) (court agreed with defendant's argument that there would be no need for class discovery if defendant was able to show that named plaintiff lacked viable claims; court further found that class discovery was not necessary to address dipositive issues in plaintiff's individual claims, including whether plaintiff consented to receive calls); *Askelrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (issues of whether an ATDS was used and whether messages were telephone solicitations are of liability largely distinct from class certification issues like numerosity, commonality, typicality, and adequacy of representation); *Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762 (N.D. Ga. Apr. 6, 2020) (defendant argued that limited discovery would prove that plaintiff was not called with an automatic telephone dialing system and that plaintiff consented to the call, which is a complete defense to TCPA claim); *Am.'s Health and Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5-6 (N.D. Ill. July 19, 2018) (court agreed that bifurcation would quickly determine whether named plaintiff had viable claims and potentially stave off substantial wasted efforts); *Katz v. Liberty Power Corp.*, 2019 WL

957129 (D. Mass. Feb. 27, 2019) (need for class discovery may be eliminated if defendant was able to show that named plaintiffs lacked viable individual claims; further, class discovery was not necessary to address certain issues that may be dispositive of plaintiffs' individual claims or ability to bring asserted class claims); *Horton v. Sw. Med. Consulting, LLC*, 2017 WL 5075928 (N.D. Okla. Aug. 14, 2017) (defendants requested bifurcation of class discovery from merits discovery in parties' initial joint status report; court agreed with defendants that bifurcation would be more efficient because discovery was distinguishable); *Leschinsky v. Inter-Cont'l Hotels Corp.*, 2015 WL 6150888 (M.D. Fla. Oct. 15, 2015) (court limited initial discovery to potentially dispositive issues of whether calls named plaintiff received were dialed manually and how many calls she received); *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, 2014 WL 413534 (D.N.J. Feb. 4, 2014) (narrow, potentially dispositive issue existed concerning whether faxes sent were informational and therefore not actionable under TCPA, and this issue was totally distinct from class issues); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269 (S.D. Fla. Nov. 27, 2012) (court found that defendant's claim that plaintiff's individual claims were time-barred and bifurcated discovery to first resolve individual claim);

It is well settled that where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative. *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974); *see also Republic Nat. Bank of Dall. v. Denton & Anderson Co.*, 68 F.R.D. 208, 215 (N.D. Tex. 1975). As the Supreme Court has also noted, individual plaintiffs with weak claims have used the threat of class discovery to extort settlements from innocent companies. *Stoneridge Inv. Partners, LLC v. Sci.-Atl., Inc.*, 552 U.S. 148, 163 (2008).

Again, Reimer's claim hinges on whether he or someone else with authority gave consent

to receive the telephone calls, a case-dispositive issue. Clearview has a meritorious defense under the TCPA if it can demonstrate that the telephone calls were made pursuant to a valid consent. *See* 47 U.S.C. §§ 227(b)(1)(C)(i)-(ii).[1] District courts may only certify class actions in TCPA cases when the plaintiff has advanced a viable theory that employs generalized proof to establish liability for the class. *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 128 (N.D. Tex. 2020). If a central issue turns on evidence specific to each class member, then class-wide resolution is not possible. *Id.* A named plaintiff must advance a theory that can establish liability on a class-wide basis. *See Wal-Mart Stores v. Dukes* 564 U.S. 338, 356. To determine the crucial questions resolving liability, it is "necessary for the court to probe behind the pleadings" and dig into the "merits of the plaintiff's underlying claim." *Id.* at 350-51. Therefore, if Reimer did consent to the calls, then there cannot be a theory of liability common to the class. Reimer's claims are well-suited to bifurcation, and the Court should grant Clearview's motion.

## Conclusion

For the foregoing reasons, Clearview asks that discovery in this matter be bifurcated, with a period of three to four months of discovery related solely to Reimer's individual claim followed by briefing on a dispositive motion related to such individual claim.

March 28, 2023

Respectfully submitted,

/s/ Jeremy C. Reed
Jeremy C. Reed
General Counsel
Clearview Energy
901 Main Street, 47th Floor
Dallas, TX 75202
jreed@clearviewenergy.com

---

[1] Reimer also seeks certification of an "Abandoned Call Class." [*Id.* at ¶¶ 20-21.] Reimer's "abandoned call" claim also fails because the 3% abandoned call safer harbor applies.

*Attorney for Clearview Electric, Inc.*

Fred L. Alvarez (*pro hoc vice*)
Arthur J. McColgan (*pro hoc vice*)
Matthew W. Casey (*pro hoc vice*)
Walker Wilcox Matousek LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606
falvarez@walkerwilcox.com
amccolgan@walkerwilcox.com
mcasey@walkerwilcox.com
*Attorneys for Clearview Electric, Inc.*

## CERTIFICATE OF CONFERENCE

On February 23, 2023, counsel for Defendant conferred with counsel for the Named Plaintiff, and the Named Plaintiff opposes this motion.

/s/ Fred L. Alvarez

## CERTIFICATE OF SERVICE

I hereby certify that, on the 28th day of March, 2023, a true and correct copy of the foregoing was filed electronically and served by operation of the Court's electronic filing system and by e-mail to counsel of record.

/s/ Fred L. Alvarez