UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUHI REIMER, individually, and on behalf of all others similarly situated, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>CLEARVIEW ELECTRIC, INC. d/b/a §<br>CLEARVIEW ENERGY and AGR GROUP §<br>INC., §<br>Defendants. § | CA NO. 3:22-CV-02844-N |

### AGR GROUP NEVADA, LLC, ERRONEOUSLY NAMED AGR GROUP INC.'S ANSWER

COMES NOW, AGR Group Nevada, LLC, erroneously named as AGR Group Inc. ("AGR"), and files its Answer and in support thereof would respectfully show the following:

### NATURE OF THE ACTION

1. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

2. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

3. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

### JURISDICTION AND VENUE

4. AGR admits the allegations in this paragraph.

5. AGR admits this Court has supplemental jurisdiction over Plaintiff's alleged VTPPA claim, but AGR denies it violated the VTPPA.

6. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## PARTIES

7. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8. AGR admits the allegations in this paragraph.

9. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

11. AGR admits the allegations in this paragraph.

12. AGR admits that a portion of its business includes providing services related to the placement of outbound telemarketing calls on behalf of its clients. Otherwise, AGR denies the remaining allegations in this paragraph.

13. AGR admits the allegations in this paragraph.

14. AGR denies the allegations in this paragraph.

15. AGR denies the allegations in this paragraph.

16. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## FACTUAL ALLEGATIONS

17. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

18. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

19. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

20. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21. AGR denies the allegations in this paragraph.

22. AGR denies the allegations in this paragraph.

23. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

24. AGR admits that it placed a call to a number ending in 3122 on February 8, 2022. Otherwise, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

25. AGR admits that the February 8, 2022 call to the number ending in 3122 went unanswered. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

26. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

27. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

28. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

29. AGR admits that it placed a call to a number ending in 3122 on February 12, 2022. Otherwise, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

30. AGR denies the allegations in this paragraph.

31. AGR admits that it received a call from a number ending in 3122. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

32. AGR admits the allegations in this paragraph.

33. AGR denies the allegations in this paragraph.

34. AGR admits that Plaintiff asked AGR's representatives about the reason for the call. AGR denies the remaining allegations in this paragraph.

35. AGR admits the allegations in this paragraph.

36. AGR admits the allegations in this paragraph.

37. AGR denies the allegations in this paragraph.

38. AGR admits that Plaintiff disconnected the call on February 12, 2022. Otherwise, AGR denies the allegations set forth in this paragraph.

39. AGR admits that it placed a call to a number ending in 3122 on February 14, 2022. Otherwise, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

40. AGR denies the allegations in this paragraph.

41. AGR admits that it placed a call to a number ending in 3122 on February 16, 2022. Otherwise, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

42. AGR admits the allegations in this paragraph.

43. AGR admits that a representative stated that he was calling on behalf of Clearview and asked to speak to the person in charge of the electric bill. Otherwise, AGR denies the allegations in this paragraph.

44. AGR admits that Plaintiff asked the name of the company the representative is calling from. AGR denies the remaining allegations in this paragraph.

45. AGR admits the allegations in this paragraph.

46. AGR admits the allegations in this paragraph.

47. AGR admits the allegations in this paragraph.

48. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

49. AGR denies the allegations in this paragraph.

50. AGR admits that it placed a call to a number ending in 3122 on February 17 2022. Otherwise, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

51. AGR denies the allegations in this paragraph.

52. AGR denies the allegations in this paragraph.

53. AGR denies the allegations in this paragraph.

54. AGR admits that it placed a call to a number ending in 3122 on February 18, 2022. Otherwise, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

55. AGR denies the allegations in this paragraph.

56. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

57. AGR admits the allegations in this paragraph.

58. AGR denies the allegations in this paragraph.

59. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

60. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

61. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

62. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## DAMAGES

63. AGR denies the allegations in this paragraph.

64. AGR denies the allegations in this paragraph.

65. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

## CLASS ALLEGATIONS

66. All preceding paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.

67. AGR denies the allegations in this paragraph.

68. This paragraph sets forth legal conclusions to which no response is required.

69. AGR denies the allegations in this paragraph.

70. AGR denies the allegations in this paragraph.

71. AGR denies the allegations in this paragraph.

72. AGR denies the allegations in this paragraph.

73. AGR denies the allegations in this paragraph.

74. AGR denies the allegations in this paragraph.

75. AGR denies the allegations in this paragraph.

76. AGR denies the allegations in this paragraph.

77. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

78. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

79. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

80. AGR denies the allegations in this paragraph.

81. AGR denies the allegations in this paragraph.

82. This paragraph sets forth legal conclusions to which no response is required.

**CLAIM FOR RELIEF**
**COUNT I:**
**Violations of the Telephone Consumer Protection Act**
**(On behalf of Plaintiff and Members of Do-Not-Call Registry Class)**

83. All preceding paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.

84. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

85. AGR denies the allegations in this paragraph.

86. AGR denies the allegations in this paragraph.

87. AGR denies the allegations in this paragraph.

88. AGR denies the allegations in this paragraph.

89. AGR denies the allegations in this paragraph.

90. AGR denies the allegations in this paragraph and the sub-paragraphs following paragraph 90.

## COUNT II:
### Violations of the Telephone Consumer Protection Act
### (On behalf of Plaintiff and Members of the Abandoned Call Class Against Defendants)

91. All preceding paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.

92. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

93. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

94. AGR denies the allegations in this paragraph.

95. AGR denies the allegations in this paragraph and the sub-paragraphs following paragraph 95.

## COUNT III:
### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually Against Clearview)

96. All preceding paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.

97. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

98. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and the sub-paragraphs following paragraph 98.

## COUNT IV:
### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually Against Defendants)

99. All preceding paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.

100. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

101. AGR denies the allegations in this paragraph.

102. AGR denies the allegations in this paragraph.

103. AGR denies the allegations in this paragraph and the sub-paragraphs following paragraph 103.

## COUNT V:
### Violations of the Virginia Telephone Privacy Protection Act
### (Plaintiff Individually Against Defendants)

104. All preceding paragraphs of this Answer are expressly adopted and incorporated herein as though fully set forth herein.

105. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

106. AGR denies the allegations in this paragraph.

107. AGR denies the allegations in this paragraph.

108. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

109. AGR denies the allegations in this paragraph.

110. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

111. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

112. AGR denies the allegations in this paragraph.

113. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

114. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

115. AGR denies the allegations in this paragraph.

116. This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, AGR denies the allegations in this paragraph.

117. AGR denies the allegations in this paragraph.

118. AGR denies the allegations in this paragraph and the sub-paragraphs following paragraph 118.

## AFFIRMATIVE DEFENSES

1. Plaintiff's own acts and/or omissions solely and/or proximately caused his alleged damages.

2. Plaintiff's First Amended Class Action Complaint fails to state a claim upon which relief can be granted against AGR.

3. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, ratification, estoppel, and equitable estoppel.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred in whole or in part to the extent he failed to mitigate his damages.

6. Plaintiff lacks standing to assert the claims or represent the putative class alleged. Plaintiff lacks Article III standing to the extent he is unable to show that he incurred any concrete and particularized injury.

7. Plaintiff's claims are barred in whole or part because AGR acted in compliance with all applicable rules, laws, and government regulations.

8. AGR had prior express consent to call the telephone number at issue.

9. Plaintiff's claims are barred in whole or in part pursuant to 47 C.F.R. §64.1200(c)(2)(i)(A)-(E).

10. Plaintiff's claims are barred in whole or in part pursuant to 47 U.S.C. §227(c)(5)(c).

11. AGR states the provisions of 302.002, 302.101, 302.102, 302.251, 302.252, 302.302, 302.303 of the Texas Business & Commerce Code are unconstitutionally void for vagueness.

12. The equipment used to make the calls at issue is not covered by or subject to the TCPA.

13. Plaintiff's claims are barred in whole or in part because Plaintiff was not charged for the calls as required by the TCPA.

14. Plaintiff may not recover under Count II of the Amended Complaint because, even if Plaintiff were able to establish the claim alleged in Count II, the 3% safe harbor for abandoned calls has been met.

15. Plaintiff does not meet the class requirements of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff cannot meet the requirements of numerosity, commonality, typicality, and adequate representation. Additionally, the putative class is not ascertainable by

objective measures and common issues of law and fact and do not predominate over individualized inquires.

16. This is not a valid class action because the putative class members are not readily ascertainable.

17. This action cannot be maintained as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedure because: (a) Plaintiff is not adequate class representatives and cannot fairly and adequately protect the interests of the putative class; (b) Plaintiff's claims are not typical of the claims of other members of the putative class; (c) individual issues of law or fact predominate over any common question; (d) adjudication of separate actions by individual members of the putative class would not be dispositive of others' interests or establish incompatible standards of conduct for Defendant; (e) no other requirement for maintaining this action as a class have been satisfied; and, (f) the putative class is not properly defined or readily ascertainable.  Consequently, any adjudication of any named Plaintiff's individual claims or any claim of any purported class member on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Defendant's Due Process and other rights under the Texas and United States Constitutions.

18. This action cannot be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because: (a) Plaintiff is not adequate class representative and cannot fairly and adequately protect the interests of the putative class; (b) Plaintiff's claims are not typical of the claims of other members of the putative class; (c) individual issues of law or fact predominate over any common question; (d) a class action is not a superior method for fair and efficient adjudication of the purported controversy; (e) no other requirement for maintaining this action as a class have been satisfied; and, (f) the putative class is not

properly defined or readily ascertainable. Further, adjudication of any named Plaintiff's individual claims or any claim of any purported class member will require individualized inquiry regarding injury, causation, and damages, such that imposition of liability or any award of damages or other relief against Defendant on the basis of generalized, class-wide proof will not satisfy the requirements of Rule 23 and would violate Defendant's Due Process and other rights under the Texas and United States Constitutions.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendant AGR Group Nevada, LLC, erroneously named as AGR Group Inc., prays that Plaintiff and the purported class members take nothing by the claims asserted, that the lawsuit be dismissed with prejudice and on the merits, and that AGR be awarded its attorney's fees and costs, and for any other relief to which AGR may be justly entitled to in law or in equity or that the Court deems just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Jason R. Jobe*
     Jason R. Jobe
     State Bar No.  24043743
     Yesha Patel
     State Bar No.  24098228

Plaza of the Americas,
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  214-871-8200
Telecopy:  214-871-8209

**ATTORNEYS FOR AGR GROUP NEVADA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 28th day of August, 2023.

                                                  By:   */s/ Jason R. Jobe*
                                                         Jason R. Jobe